IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David C. King,                    :

       Plaintiff,              :

    v.                            :    Case No. 2:12-CV-948

                     :    JUDGE EDMUND A. SARGUS, JR.
Commissioner of Social            Magistrate Judge Kemp
Security,                         :

       Defendant.              :

<u>REPORT AND RECOMMENDATION</u>

     This is a social security case.  On September 16, 2014, the Court granted the Commissioner of Social Security's motion to reinstate this case, directed the Commissioner to file a supplemental administrative record, and directed plaintiff David C. King to file a statement of errors within thirty days thereafter.  Mr. King's brief was due on October 19, 2014.  On December 4, 2014, this Court noted that no statement of errors had been filed, and ordered Mr. King to file a statement of errors within 20 days or face dismissal of this action without prejudice for failure to prosecute.  Mr. King has not responded to that order.  Further, on December 10, 2014, Mr. King's counsel moved for leave to withdraw.  This motion was granted for good cause shown.

     If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b).  <u>Link v. Wasbash R. Co.</u>, 370 U.S. 626 (1962); <u>Boudwin v. Graystone Insurance Co.</u>, 756 F.2d 399 (5th Cir. 1985).  Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief.  <u>Dynes v. Army Air Force</u>

Exchange Service, 720 F.2d 1495 (11th Cir. 1983).
Ordinarily, some notice of the court's intention to dismiss
for failure to prosecute is required, see Harris v.
Callwood, No. 86-4001 (6th Cir. April 21, 1988), but that
requirement is met if the Court affords a plaintiff a
reasonable period of time to comply with orders before the
dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo,
462 F.2d 1315 (6th Cir. 1972)(per curiam). Such a dismissal
is also appropriate for failure to respond to a summary
judgment motion. See Stanley v. Continental Oil Co., 536
F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d
257 (8th Cir. 1978).

The facts of this case indicate a clear failure to
prosecute. The Court specifically advised Mr. King
of the date by which a statement of errors was due, and that this
action would be dismissed if he failed to respond. No statement
of errors was filed. Further, based on the information contained
in counsel's motion for leave to withdraw, it appears that Mr.
King may not intend to proceed with this case.

For these reasons, it is recommended that this action be
dismissed without prejudice for failure to prosecute pursuant to
Fed. R. Civ. P. 41(b).

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that
party may, within fourteen days of the date of this Report, file
and serve on all parties written objections to those specific
proposed findings or recommendations to which objection is made,
together with supporting authority for the objection(s). A judge
of this Court shall make a de novo determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made. Upon proper
objections, a judge of this Court may accept, reject, or modify,

in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge